UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:02-cr-61-FtM-29DNF

VIRGINIA STUBBS
A/K/A DEBORAH ANN FLOYD
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Petition for Writ of Error Coram Nobis to Vacate and Set Aside Plea, Judgment, and Sentencing and Request for Evidentiary Hearing (doc. #28) filed on February 4, 2011. The government filed its Response (doc. #39) on May 16, 2011. For the reasons set forth below, the petition for a writ of coram nobis is denied.

**I.**

Defendant Virginia Stubbs (defendant or Stubbs) was charged by a Criminal Complaint in the Southern District of Florida with making a false statement in a passport application. Defendant was arrested in the Middle District of Florida on May 7, 2002. (Doc. #1.) At her initial appearance with appointed counsel, counsel indicated defendant would be pursuing a transfer of the case to the Middle District of Florida pursuant to Federal Rule of Criminal Procedure 20. Defendant was released on bond on May 10, 2002. (Docs. ##8, 9.) At the bond hearing, retained counsel confirmed that defendant was interested in proceeding in Fort Myers under Rule 20. (Doc. #34, pp. 5-6.) On May 24, 2002, defendant waived

her preliminary examination, and defense counsel advised that a Rule 20 transfer had been agreed to and the paperwork was being processed.  (Doc. #12.)

Defendant signed a Consent to Transfer Case for Plea and Sentence (under Rule 20) (doc. #14), stating she "wish[ed] to plead guilty to the offense charged, to consent to the disposition of the case in the Middle District of Florida . . . and to waive trial in the above captioned District."  The Consent to Transfer was filed on June 5, 2002.  A Waiver of Indictment (doc. #16), a Notice Regarding Entry of a Plea of Guilty (doc. #17), and a Consent to the Court's Inspection of Presentence Report Prior to Plea of Guilty, Nolo Contendere, or Finding of Guilt (doc. #18) were signed by defendant and then filed on June 17, 2002.  On June 19, 2002, defendant waived indictment in open court and plead guilty before the assigned magistrate judge to a one-count Information charging she made a false statement in a passport application in violation of 18 U.S.C. § 1542.  (Docs. ##20, 35.)  The magistrate judge filed a Report and Recommendation (Doc. #21) recommending the guilty plea be accepted.  Defendant waived any objection to the Report and Recommendation.  (Doc. #19.)  Defendant's guilty plea was accepted on August 1, 2002.  (Doc. #23.)

On September 23, 2002, defendant was sentenced to twenty-four months probation (Doc. #25), and Judgment was filed the next day.

(Doc. #26.) Defendant did not file a direct appeal, or any other post-conviction motion for relief.

## II.

More than eight years later, defendant filed the Petition for Writ of Error Coram Nobis now before the Court. Defendant asserts that Immigration and Customs Enforcement has recently instituted deportation proceedings against her based upon this conviction, and that the conviction constitutes a deportable offense for which a waiver of deportation is unavailable. The result, defendant asserts, is that the deportation consequence of the conviction is essentially mandatory.

Defendant asserts that entry of a writ of error coram nobis is appropriate because at no time prior to or during the guilty plea did her attorney advise her that she would be subject to mandatory deportation based on the nature of the charge. Defendant asserts that during the guilty plea colloquy she was advised that she "may" be deported, but no mention was made of mandatory deportation. Defendant asserts that she, therefore, was not properly advised of the immigration consequences of her guilty plea. Additionally, defendant asserts that if she had been aware that her guilty plea would subject her to mandatory deportation, she would not have entered a guilty plea but would have proceeded to trial. Further, defendant asserts that her guilty plea was not knowingly and voluntarily entered because she was suffering from post-traumatic

stress disorder resulting from an abusive childhood and marriage, which contributed to her ill advised decision to plead guilty. Defendant asks the Court "to vacate her 2002 guilty plea on grounds that the plea was not entered freely, knowingly, and voluntarily and was, instead, the result of ineffective assistance of counsel." (Doc. #28, p. 4.)

### III.

Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001). Procedurally, the request for the writ is filed as a motion in the criminal case, not as a separate civil action. United States v. Morgan, 346 U.S. 502, 505 n.4 (1954). Whether to grant a writ of coram nobis is committed to the sound discretion of the district court. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), cert. denied, 531 U.S. 929 (2000).

The authority to grant a writ of coram nobis is, however, extremely limited. A writ of coram nobis "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The standard for coram nobis relief is high, with the court's

jurisdiction being limited to review of errors of fact of the most fundamental character when no other remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.

To be entitled to a writ of coram nobis, petitioner must show: (1) she was not in custody at the time she filed the petition, United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); Brown, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no other available and adequate avenue of relief, Alikhani, 200 F.3d at 734; Mills, 221 F.3d at 1204; (3) the error alleged "Involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990); and (4) there are sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204.

### IV.

It is undisputed that defendant satisfies the first requirement. Defendant has completed her term of probation and is not under any type of judicial supervision in connection with this case. The other requirements, as discussed below, are not satisfied.

**A.   Evidentiary Hearing:**

To determine the need for an evidentiary hearing, the Eleventh Circuit has utilized the same standard as applicable to habeas proceedings. United States v. Bejacmar, 217 F. App'x 919, 920-21 (11th Cir. 2007). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002)(internal quotations and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715; see also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). No evidentiary hearing is necessary in this case. Even if defendant's factual allegations are true, she is not entitled to coram nobis relief.

**B.   Defendant's Mental Condition at Time of Guilty Plea:**

Defendant asserts that her guilty plea was not knowingly and voluntarily entered because she was suffering from post-traumatic stress disorder resulting from an abusive childhood and marriage which contributed to her ill advised decision to plead guilty. This claim is not cognizable in a petition for writ of coram nobis.

The magistrate judge asked defendant, among other things, if she was "under the influence of anything which would interfere with

your ability to think or concentrate or understand what we are doing?", to which defendant responded "No, sir." (Doc. #35, p. 4.) When asked "You're clear minded?", defendant responded "Yes, sir." (Id.) When the magistrate judge asked if either counsel had any questions regarding defendant's competency to plead guilty, defense counsel responded "No, your Honor." (Id.) The Court was entitled to rely upon the statements made by defendant and her attorney at the change of plea hearing.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Defendant puts forth no reason why she should be allowed to challenge the veracity of these statements eight years after she made them to the Court.

Additionally, the impact of defendant's mental condition on her decision to plead guilty and the knowing and voluntary nature of the plea are not cognizable under coram nobis because petitioner fails to establish that there was no other available and adequate avenue of relief available to her to raise the issues. A writ of coram nobis is not available if the defendant could have raised the issues on direct criminal appeal and failed to do so. United States v. Mosavi, 138 F.3d at 1366; United States v. Swindall, 107

F.3d at 834. Petitioner could have raised the issues of her mental capacity and the knowing and voluntary nature of her guilty plea in a direct appeal, but failed to do so. Having failed to take advantage of an available remedy, petitioner is precluded from raising this issue in a petition for a writ of coram nobis. Jackson v. United States, 375 F. App'x 958, 960 (11th Cir. 2010)(because defendant could have raised claims challenging voluntariness of guilty plea on direct appeal, he was not entitled to writ of coram nobis); United States v. Pearl, 288 F. App'x 651 (11th Cir. 2008)(coram nobis not available to challenge knowing and voluntariness of guilty plea when the issue has not been raised in an earlier proceeding). Additionally, defendant has failed to articulate sound reasons for failing to pursue relief earlier.

The Court denies coram nobis relief as to this claim.

**C. Ineffective Assistance of Counsel Regarding Immigration Advice**:

Defendant claims that the failure of her attorney to inform her that deportation was mandatory given the nature of the charge constituted ineffective assistance of counsel.[1] Defendant asserts that at no time prior to or during the guilty plea did her attorney advise her that she would be subject to mandatory deportation based on the nature of the charge. Defendant further asserts that during the guilty plea colloquy she was advised only that she "may" be

---

[1] Defendant does not argue that this failure resulted in an involuntary guilty plea. Such a claim would have no merit. Carces v. United States AG, 611 F.3d 1337, 1345 n.7 (11th Cir. 2010).

-8-

deported, and that if she had been aware that her guilty plea would subject her to mandatory deportation, she would not have entered a guilty plea but would have proceeded to trial.  The Court assumes that defendant was not told that deportation would be mandatory or near-mandatory based on the nature of the charge, and that she was only told that she "may" be deported upon conviction pursuant to her guilty plea.

The issue of the ineffective assistance of counsel is not cognizable under coram nobis in this case because petitioner fails to establish that there was no other available and adequate avenue of relief available to her to raise that issue.  Defendant could have raised the ineffective assistance of counsel claim in a proceeding under 28 U.S.C. § 2255, but failed to do so.  Jackson, 375 F. App'x at 960 (because defendant could have raised claims alleging ineffective assistance of counsel under 28 U.S.C. § 2255 was not entitled to writ of coram nobis).  Additionally, defendant is not entitled to coram nobis relief because she failed to establish sound reasons for not seeking relief pursuant to 28 U.S.C. § 2255 on this ground.  See, e.g., United States v. Bejacmar, 217 F. App'x 919, 921-22 (11th Cir. 2007).  Defendant always knew she that she "may" be deported, yet waited until the process started to take any action.  Defendant relies upon Padilla v. Kentucky, 130 S. Ct. 1473 (2010), both substantively and as justification for the delay in seeking relief.  Assuming, in the

alternative, that defendant's ineffective assistance of counsel claim is cognizable under coram nobis, defendant is entitled to no relief.

Padilla first held that because of the "unique nature of deportation" and "recent changes in our immigration law [that] have made removal nearly an automatic result for a broad class of noncitizen offenders," "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." 130 S. Ct. at 1481–82. Padilla then defined the scope of a criminal defense attorney's duty to advise his or her non-citizen client about the immigration consequences of a guilty plea:

> When the law is not succinct and straightforward ..., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

Id. at 1483 (footnote omitted). Padilla expressly rejected the notion that Strickland guarantees apply only to the active furnishing of erroneous advice about immigration consequences of a plea. As one court has summarized the rule: "A criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty." United States v. Bonilla, 637 F.3d 980, 984 (9th Cir. 2011).

The parties disagree on whether Padilla is retroactively applicable to a case such as this, where defendant's conviction has long been final. It is clear that at the time of the guilty plea, it was not ineffective assistance for an attorney not to inform a client of the deportation consequences of her guilty plea. United States v. Campbell, 778 F.2d 764,768-69 (11th Cir. 1985)(abrogated on other grounds, Padilla v. Kentucky, 130 S. Ct. 1473 (2010)). Since the filing of the government's Response, one circuit court of appeals has found Padilla to be retroactive. United States v. Orocio, No. 10-1231, 2011 WL 2557232, ___ F.3d ___ (3d Cir. June 29, 2011). The Court need not decide whether it is persuaded by Orocio, or whether Padilla is retroactive, because even if Padilla does apply to this case, defendant is entitled to no relief.

Under Strickland v. Washington, 466 U.S. 668 (1984), the Court determines whether counsel's advice regarding the guilty plea was within the range of competence demanded of attorneys in criminal cases and whether defendant was prejudiced by counsel's deficient performance. Hill v. Lockhart, 474 U.S. 52 (1985). In Padilla, counsel was required to advise defendant that removal or deportation was mandatory because defendant was convicted of a felony drug offense and the adverse immigration consequences of such a conviction were "succinct, clear, and explicit" and "truly clear." Padilla, 130 S. Ct. at 1483. In this case, defendant was convicted of making a false statement on an application for a

United States passport. No immigration statute made it "succinct, clear, and explicit" or "truly clear" that such a conviction would result in mandatory removal.[2] In this case, deportation was certainly not a foregone conclusion. As early as the bond hearing, it was reported that the immigration officials were not going to file a detainer. (Doc. #34, p. 2.) When, as here, the law is not succinct and straightforward, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, 130 S. Ct. at 1483. See also Bauder v. Dep't of Corrs., 619 F.3d 1272, 1275 (11th Cir. 2010). That is exactly what was done in this case. Defendant was informed she "may" be deported.

Additionally, while defendant asserts that she would have gone to trial if she had been given full and complete advice about the mandatory deportation, the record affirmatively shows this was not a legal possibility. Defendant signed a Consent to Transfer under Rule 20. Under Rule 20(b) (2001), a defendant against whom a complaint was pending could consent to the transfer of the case "to plead guilty or nolo contendere." If defendant thereafter pled not guilty, the case would be transferred back to the original

---

[2]Subsequent cases outside the Eleventh Circuit have held that making a false statement on an application for a United States passport is a crime involving moral turpitude, Barcenas-Barrera v. Holder, 394 F. App'x 100, 105 (5th Cir. 2010)(citing cases), but an attorney is not required to anticipate a change in the law in order to render effective assistance. Bauder, 619 F.3d at 1274-75.

district.  Rule 20(c) (2001).  Defendant's only option in Fort Myers was to plead guilty, as her Consent established.

Accordingly, it is now

**ORDERED**:

Defendant's Petition for Writ of Error Coram Nobis to Vacate and Set Aside Plea, Judgment, and Sentencing and Request for Evidentiary Hearing (Doc. #28) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of August, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record